The Honorable Buddy Blair State Representative 500 North 18th Street Fort Smith, AR 72901-3300
Dear Representative Blair:
I am writing in response to your request for my opinion on the following questions:
 1. Are police departments and sheriff's offices required to retain juvenile offense and arrest reports even if no prosecution is commenced?
 2. Must juvenile offense and arrest reports be retained for any particular period of time and, if so, what period of time?
 3. Must juvenile offense and arrest reports be physically destroyed upon expiration of the period they are required to be retained?
 4. If these records may be destroyed, may offense and arrest reports which list both adult and juvenile suspects have the juveniles' names redacted?
 5. Must offense and arrest reports be maintained in an electronic rather than hard copy?
RESPONSE
Question 1: Are police departments and sheriff's offices required toretain juvenile offense and arrest reports even if no prosecution iscommenced?
In my opinion, the answer to this question is "yes," subject to the following qualifications: (1) the records may be reproduced and the originals archived or destroyed at the behest of the department head and with the county court's or the mayor's approval; and (2) municipal juvenile offense reports and, I believe, any copies thereof may be destroyed after three years. A.C.A §§ 14-2-201 through -204 (Supp. 2003). The second of these conditions does not appear to apply to juvenile offense reports maintained by a sheriff's department.
The above referenced statutes provide as follows:
 (a) The head of any county or municipal department, commission, bureau, or board may cause any or all records kept by the official, department, commission, or board to be photographed, microfilmed, photostated, or reproduced on or by film, microcard, miniature photographic recording, optical disc, digital compact disc, electronic imaging, or other process that accurately reproduces or forms a durable medium for reproducing the original when provided with equipment necessary for such method of recording.
 (b) At the time of reproduction, the agency head shall attach his or her certificate to the record certifying that it is the original record, and the certificate shall be reproduced with the original.
 (c) The device used to reproduce the records shall be such as to accurately reproduce and perpetuate the original records in all details.
A.C.A § 14-2-201.
 (a) The reproduction made in accordance with § 14-2-201, when satisfactorily identified, shall be admissible into evidence as provided in § 16-46-101 or any other provision of law or court rules governing the admission of evidence.
 (b) For all purposes recited in this section, a facsimile, exemplification, or certified copy thereof shall be deemed to be a transcript, exemplification, or certified copy of the original.
A.C.A § 14-2-202.
 Whenever reproductions of public records have been made in accordance with § 14-2-201 and have been placed in conveniently accessible files or other suitable format and provision has been made for preserving, examining, and using them, the head of a county office or department or city office or department may certify those facts to the county court or to the mayor of a municipality, respectively, who shall have the power to authorize the disposal, archival storage, or destruction of the records.
A.C.A § 14-2-203.
 (a) All municipalities of the State of Arkansas shall maintain records for the city or town police department or marshal's office, if the records are currently being maintained, as follows:
(1) Maintain permanently:
 (A) Closed municipal police case files for felony and Class A misdemeanor offenses; and
(B) Expungement orders of municipal police cases; and
(2) Maintain for three (3) years:
(A) Accident reports;
(B) Incident reports;
(C) Offense reports;
(D) Fine and bond records;
(E) Parking meter records;
(F) Radio logs and complaint cards; and
 (G) Employment records, payroll sheets, time cards, and leave requests.
 (b)(1) However, if maintained for more than ten (10) years after the date the record was created, records under subdivision (a)(1) of this section may be copied and maintained in accordance with § 14-2-203.
 (2) Records under subdivision (a)(2) of this section may be copied in accordance with § 14-2-203 or are subject to disposal after the specified time period has passed.
A.C.A § 14-2-204.
Section 14-2-204, which applies exclusively to city or town police departments or marshals' offices, is somewhat confusing. Subsection (a) directs that "[a]ll municipalities . . . shall maintain records . . . as follows . . ." — a provision that suggests that the remainder of the statute will set forth an exhaustive record-retention policy. However, as discussed below, the statute is not exhaustive with respect to juvenile arrest reports in that it fails to set forth a retention policy for arrest reports for Class B or C misdemeanors.
With respect to "offense reports" — a category that logically includes juvenile offense reports — the statute is indeed exhaustive, providing that such records must be maintained for a period of three years. Subsection (b)(2) of the statute further provides that such records "may be copied in accordance with § 14-2-203 or are subject to disposal after the specified time period has passed." The referenced A.C.A § 14-2-203
provides that a department head, with the permission of the mayor, may archive or destroy the original records once copies are made in compliance with the statute. It would appear, then, that if a police department makes a qualifying copy of an offense report, it may immediately destroy the original. The statute is unclear regarding how long the department must retain the copy. If the department does not make a copy, it may destroy the original after three years.
With respect to arrest reports, A.C.A § 14-2-204(a)(1)(A) obligates the police department to maintain a permanent record of "[c]losed municipal police case files for felony and Class A misdemeanor offenses." As a general rule, then, I believe the police department must permanently maintain arrest reports of juveniles arrested for these offenses. Subsection 14-2-204(b)(1) further provides that the department may copy such arrest reports in accordance with A.C.A § 14-2-203 if they have been maintained for more than ten years and archive or destroy the originals. However, as I discuss in detail in response to your third question, A.C.A § 9-27-309(b) (Supp. 2003) in some instances empowers and in other instances directs circuit judges to order the destruction of juvenile records, possibly including arrest and offense reports. In those instances, I believe a police department should follow those particular orders rather than applying the general rule stated at A.C.A §14-2-204(a)(1)(A) concerning permanent record retention.
The above referenced confusion in A.C.A § 14-2-204 arises from the fact the statute makes no provision for the retention of arrest reports prepared in connection with Class B and C misdemeanors. Given the absence of guidance in this statute with respect to such reports, I believe one must look to the generally applicable document retention obligations set forth at A.C.A §§ 14-2-201 through -203. As a prelude to discussing these, I should note that I consider these statutes applicable not only to police arrest reports prepared in connection with Class B and C misdemeanors, but also to all offense and arrest reports, including those relating to juveniles, prepared by a sheriff's office. I base this conclusion on the fact that no other provision of the Code specifically sets forth the document retention policies applicable to a sheriff's office.
I am attaching for your information Ark. Op. Att'y Gen. No. 2001-340, in which one of my predecessors addressed what retention policy then applied to various documents prepared by a police department. Although my predecessor's analysis obviously does not apply to all police records in the wake of the enactment in 2003 of A.C.A § 14-2-204, I believe it continues to apply to juvenile offense and arrest records maintained by a sheriff's office and arrest records relating to Class B and C misdemeanors maintained by a police department. Without repeating my predecessor's analysis, I will simply note my concurrence with the conclusion that, pending some legislative clarification, these records must be retained indefinitely either in their original or copied form.
I appreciate that the foregoing analysis is somewhat perplexing. Section14-2-204 of the Code specifically designates municipal arrest records for felonies and Class A misdemeanors as subject to permanent retention, thereby implying that arrest records relating to Class B and C misdemeanors might be subject to some different retention policy. However, the analysis in Ark. Op. Att'y Gen. No. 2001-340, with which I fully concur, suggests that municipal arrest records relating to Class B and C misdemeanors — and, by implication, both arrest and offense records maintained by a sheriff's office — must likewise be permanently maintained. I can only conclude that legislative clarification is warranted.
Question 2: Must juvenile offense and arrest reports be retained for anyparticular period of time and, if so, what period of time?
See response to question 1.
Question 3: Must juvenile offense and arrest reports be physicallydestroyed upon expiration of the period they are required to beretained.
The only provision of the Code mandating the destruction of some juvenile records is A.C.A § 9-27-309(b) (Supp. 2003), which provides:
 (1)(A) Records of delinquency adjudications for which a juvenile could have been tried as an adult shall be kept for ten (10) years after the last adjudication of delinquency or the date of a plea of guilty or nolo contendere or a finding of guilt as an adult.
(B) Thereafter they may be expunged.
 (2) The court may expunge other juvenile records at any time and shall expunge all the records of a juvenile upon his or her twenty-first birthday, in other types of delinquency, dependency-neglect, or families in need of services cases.
(3) For purposes of this section, "expunge" means to destroy.
This statute suggests that records in cases where the juvenile could have been tried as an adult must be maintained for a period of ten years, after which they may be destroyed. A court further may order the destruction of all records relating to other delinquency, dependency-neglect or families-in-need-of-services cases at any time andmust order their destruction when the juvenile reaches the age of twenty-one.
This statute does not directly address the question of whether the referenced records are limited to those maintained by the court itself or whether they might include records maintained by law enforcement agencies. However, the more inclusive reading accords with the legislature's approach regarding expungements in cases involving adults. Subsection 9-27-309(b) appears designed to erase any record of a particular offense under the recited circumstances, thereby affording a qualified juvenile an absolutely clean slate. In this regard, the statute is even more generous to an offender than is the expungement statute set forth at A.C.A § 16-90-904 (Supp. 2003), which authorizes eligible individuals to petition a court for an expungement that will result in a sealing, but not an actual physical destruction, of a record. Significantly, in cases involving the expungement of an adult's record, any order sealing a file must be certified to the arresting agency, which will then seal its records. A.C.A § 16-90-904(d). Although A.C.A §9-27-309(b) statute does not explicitly state as much, common sense suggests that the legislature intended the broader expungement statute authorizing actual destruction of a record to likewise extend to law enforcement records such as arrest and offense reports.
On the other hand, one might conceivably infer a contrary legislative intent regarding expungement of juvenile arrest records from A.C.A §9-27-320(d) (Supp. 2003), which provides:
 However, in any case in which the juvenile is found not to have committed the alleged delinquent act, the circuit court may order any law enforcement agency to return all pictures and fingerprints to the circuit court and shall order the law enforcement agency that took the juvenile into custody to mark the arrest record with the notation "found not to have committed the alleged offense."
Subsections 9-27-320(a) and -320(b) direct that a juvenile be photographed and fingerprinted if arrested for an offense that, if committed by an adult, would constitute a felony or a Class A misdemeanor involving violence or the use of a weapon. Subsection (d) quoted above dictates that if the juvenile is found not to have committed the offense, the arresting agency will deliver the juvenile's photographs and fingerprints to the circuit court and note the juvenile's exoneration on the arrest record. One might read subsection (d) as reflecting a legislative intention that the photographs and fingerprints under these circumstances be subject to eventual expungement by destruction in accordance with A.C.A § 9-27-309(b), with the notated arrest report remaining intact in the arresting agency's records. As a corollary to this inference, one might conclude that the legislature intended A.C.A §9-27-309(b) to apply only to records maintained by the circuit court.
Under the circumstances, I can opine only that it is unclear what the legislature intends with respect to the retention of juvenile arrest records. I am unaware of what practice the courts and law enforcement agencies actually follow with respect to expungements of juvenile records, and the Code does not enable me to opine as to what practice is appropriate. Legislative clarification appears warranted.
Question 4: If these records may be destroyed, may offense and arrestreports which list both adult and juvenile suspects have the juveniles'names redacted?
Although I am unaware of any statute or pronouncement in the case law that directly addresses this question, I believe that if the records relating to a juvenile "may be destroyed" — i.e., destroyed or retained at the law enforcement agency's discretion — nothing would preclude authorities from redacting the juvenile's name from a report that contains information the authorities are obliged to retain relating to an alleged adult offender. Furthermore, assuming authorities might be obliged by court order to destroy certain records pursuant to A.C.A §9-27-309, I believe that so long as the juvenile cannot be identified from a redacted report, that record will have effectively been destroyed with respect to him or her. Determining whether that is the case in any particular instance will entail conducting a factual inquiry of the sort I am neither equipped nor authorized to undertake.
Finally, I should note that the question of destroying a record is distinct from the question of maintaining the record's confidentiality. Sections 9-27-309 and -352 set forth the law regarding when retained records regarding a juvenile should be treated as confidential.
Question 5: Must offense and arrest reports be maintained in anelectronic rather than hard copy?
The permissible forms of reproducing such records are set forth in A.C.A § 14-2-201(a). The circumstances under which one may dispense with a hard copy in favor of a reproduction are set forth in my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure